# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOHNNY GIBSON,

       Plaintiff,

  v.                            Case No. 14-C-045

 WILLIAM POLLARD, et al.,

       Defendants.

## SCREENING ORDER FOR AMENDED COMPLAINT

Plaintiff Johnny Gibson, an inmate at the Wisconsin Secure Program Facility (WSPF), filed a pro se complaint under 42 U.S.C. § 1983 on February 4, 2014, alleging that his civil rights were violated while he was incarcerated at the Waupun Correctional Institution (WCI). In his initial complaint, Gibson alleged that various WCI correctional officers violated his Due Process rights when they placed him in administrative segregation pursuant to Wis. Admin. Code DOC § 308.04. (ECF No. 1.) Gibson alleged that at hearings held on March 1, 2013, and August 28, 2013, the Administrative Confinement Review Committee (ACRC) found that administrative segregation was necessary based on Gibson's record of sexual conduct. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The court dismissed Gibson's initial complaint at the screening stage pursuant to § 1915A(b) for failure to state a claim but granted Gibson 30 days to amend his complaint. (ECF No. 9.) Gibson filed an amended complaint on March 28, 2014, which the court will proceed to screen. 28 U.S.C. § 1915A(a).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In Gibson's initial complaint, he alleged that various correctional officers violated his Due Process rights when they found that he was a danger to others and placed in him administrative segregation. Gibson alleged that the defendants did not comply with the requirements of Wis. Admin. Code DOC §§ 303.81 and 308.04, which outline procedures for disciplinary hearings and administrative segregation proceedings, respectively. As the court explained in its initial Screening Order, "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkerson v. Austin,* 545 U.S. 209, 221 (2005). The Seventh Circuit has held that in some cases, an inmate may have a liberty interest in avoiding administrative segregation. *See Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013). However, "[an inmate's] liberty is affected only if the more restrictive conditions [of segregation] are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Id.* The Seventh Circuit has observed that confinement in segregation (even disciplinary segregation) for a period of several months is not sufficient, absent harsh conditions,

to confer a liberty interest. *See Marion v. Columbia Correctional Institution,* 559 F.3d 693, 697 (7th Cir. 2009) ("six months of segregation is 'not such an extreme term' and, standing alone, would not trigger due process rights") (quoting *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)). In *Marion*, however, the Seventh Circuit found that a 240-day period of disciplinary segregation was sufficiently lengthy to state a Due Process claim. 559 F.3d at 699.

The court dismissed Gibson's initial complaint primarily because it said nothing about the conditions of confinement in administrative segregation as compared to confinement in general population at WCI or WSPF. The complaint also did not clearly state where or how long Gibson has been confined in administrative segregation, and it did not explain with particularity the allegations against each defendant. Gibson's amended complaint does not substantially differ from his initial complaint in that it still does not describe the conditions of confinement or explicitly state how long Gibson has been confined in administrative segregation. Gibson again requests, however, that the court issue an injunction to release him from administrative segregation. Gibson alleges that he was confined in administrative segregation from March 1, 2013 to July 12, 2013, and that on or about August 28, 2013, prison officials determined that he must return to administrative segregation. Although it remains unclear whether Gibson has been continuously confined in administrative segregation since August 28, 2013 or even what administrative confinement consists of, the court will not dismiss Gibson's complaint at the pleading stage on this basis. If Gibson has been confined in administrative segregation for over nine months, which is a reasonable inference based on his requested relief, or if his term of administrative segregation is indefinite, then Gibson may have a liberty interest in his placement in administrative segregation. In short, further

development of the factual record is necessary to determine whether Gibson has a constitutionally protected liberty interest.

The court now turns to the alleged Due Process violations. Gibson's amended complaint makes five specific allegations: (1) Officer Greff wrote two recommendations to the ACRC which lacked evidence of misconduct at WCI and contained false information, (2) Officer Greff's ACRC recommendation did not give Gibson adequate notice of the charges against him, (3) the ACRC did not allow Gibson to call Security Director Tony Meli as a witness, which prevented Gibson from discovering why he was considered for administrative segregation in the first place, (4) the ACRC's findings that Gibson posed a substantial risk to another person, self, or institution security were not supported by sufficient evidence, and (5) Warden William Pollard and the unnamed Division of Adult Institution Administrator affirmed the ACRC's unsupported findings.

In the prison disciplinary context, "due process requires only that the prisoner receive advance written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written explanation for the discipline that is supported by 'some evidence' in the record." *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (internal citations omitted). Based solely on the allegations in Gibson's complaint, I cannot say that Gibson's allegations fail to state a claim. I will therefore allow Gibson's claims to proceed against all defendants in their individual capacities except defendant Tony Meli. The complaint alleges that Meli "got the ball rolling" on Gibson's administrative segregation proceedings and that the ACRC and Warden Pollard would not allow Gibson to call Meli as a witness. This does not satisfy the requirement that each defendant be personally involved in the alleged constitutional violation. *See Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). Gibson may proceed against Warden

Pollard, Officer Greff, the DAI Administrator, and the individuals identified as ACRC hearing officers: Captain O'Donovan, Captain Vanderwerff, Social Worker M. Johnson, Lieutenant Sabish, and CO II Waltz.

On April 2, 2014, Gibson filed a motion to "Clarify, Correction Caption and Claim" in which he again recounts the alleged Due Process violations discussed above and argues that his initial complaint should not have been dismissed. (ECF No. 11.) The court construes the motion as one seeking reconsideration of the order dismissing his original complaint. Since Gibson has filed an amended complaint pursuant to the order and is being allowed to proceed, this motion will be denied as moot.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that defendant Tony Meli is dismissed without prejudice.

**IT IS ALSO ORDERED** that Gibson's motion to "Clarify, Correction Caption and Claim" (ECF No. 11) is denied as moot.

**IT IS ALSO ORDERED** that the plaintiff shall submit all correspondence and legal material to:

Honorable William C. Griesbach
% Office of the Clerk
United States District Court
Eastern District of Wisconsin
Jefferson Court Building
125 S. Jefferson St., Rm. 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party.  Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document.  If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this __3rd__ day of April, 2014.

     s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court